**Order entered October 9, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01213-CV

## J. CHRISTOPHER WREH, I, Appellant

## V.

## ALEX GIANOTOS, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-05068-D**

## ORDER

Before the Court is appellant's October 7, 2019 "motion for temporary return of jurisdiction to county court #4." Appellant notes the county court's judgment, which is the subject of this appeal, incorrectly states the judgment was signed in 2016. Appellant states he "does not want to appeal on the basis of technical issues" and asserts the county court "should have the opportunity to vacate the void judgment."

We note the judgment reflects the trial was held September 26, 2019. Under Texas Rule of Civil Procedure 329b(d), the trial court, regardless of whether an appeal has been perfected, has plenary power to correct or reform the judgment within thirty days after the judgment is signed. Additionally, an error in the date of judgment is a clerical error which the trial court can correct at any time. *See In re Marriage of Russell*, 556 S.W.3d 451, 455 (Tex. App.—Houston

[14th Dist.] 2018, no pet.). Accordingly, to the extent appellant asks that we abate the appeal to allow the trial court to correct the judgment, we **DENY** the motion.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Paula M. Rosales, Presiding Judge of County Court at Law No. 4, and the parties.

/s/     BILL WHITEHILL
        JUSTICE